WILLIAM T. MORSE et al.

v.

MARY A. NICHOLSON and JOHN H. COOK.

A bill seeking relief against a sale obtained to be made by a fraud is not demurrable, because there is an adequate remedy at law, where it appears that the procedure in equity can afford the complainant more efficient modes of relief than are attainable at law.

On bill and demurrer.

*Mr. Frank P. McDermott*, for the complainants.

*Messrs. Hawkins & Durand*, for the demurrants.

GREY, V. C.

The bill shows that the complainants were New York merchants. The defendant Nicholson kept a store at Asbury Park, New Jersey. On September 30th, 1895, she requested them to sell her a bill of goods on credit. In response to their requirement she gave them a statement of her assets and liabilities, showing assets—stock on hand, $4,500; real estate, $5,000, and an indebtedness, not yet due, of but $1,300 for merchandise, and no other liabilities whatsoever. She further certified that she had concealed no fact which would impair her credit &c. On the faith of these statements, the complainants sold and delivered goods to her on credit, to amount of $330.60. The complainants have since found that this statement on which she obtained credit was false; that the value of her stock was not above $2,000, and her interest in real estate not over $1,000; that she owed on merchandise account over $2,000, and on notes &c. about $1,500. The complainants aver that because of these false and fraudulent statements whereby these goods were obtained, they are entitled to and they do disaffirm the sale and declare it to be void, although the goods were delivered to the

45

defendant Nicholson. The complainants also allege that the defendant John H. Cook actively aided the defendant Nicholson in perpetrating this fraud, and, to further it, on December 9th, 1895, took from her a chattel mortgage on all the goods in her store at Asbury Park, to secure the payment of $2,872.60 in installments. This chattel mortgage was recorded on the day of its date. This mortgage the complainants charge to have been given in bad faith, and without valuable consideration; to have been accepted by Cook to oblige the defendant Nicholson and aid in defrauding her creditors. On December 19th, 1895, the complainants brought replevin in the Monmouth circuit court, and the goods were thus delivered to them, but the defendants Nicholson and Cook have made a defence and claim that the goods belong to the defendant Nicholson. The complainants pray that the sale and delivery of the goods may be decreed to be void because of the recited fraud, and that the goods may be decreed to be the property of the complainants; that the chattel mortgage may be annulled as to the goods sold by the complainants and decreed to be no lien thereon, and for further relief &c.

The defendants jointly demur to the bill, and state as their sole ground of demurrer that the complainants have a complete remedy at law in the replevin suit.

By their joint demurrer the defendants admit the fraud in obtaining the goods, and rest their sole defence upon the claim that the pending replevin suit affords a complete remedy for the wrong done. The jurisdiction of a court of equity over cases of fraud is not challenged, but it is insisted that the bill shows that the complainants have a full remedy at law which they have elected to pursue, and that this court will not, in such a case, entertain another suit.

If the remedy at law is as full and adequate as that attainable in this court, it would appear to be merely vexatious to permit the complainants, having selected a court of law as the forum in which they desired to prosecute their claim, to begin another suit for the same claim in this court. The jurisdiction of the courts of law and of equity, for the redress of such frauds as those ad-

mitted by this demurrer, is concurrent. Where the jurisdiction is concurrent, and the action of a court of law has been invoked, if the same remedial justice can be administered in each court, a court of equity will decline to entertain the suit. *2 Story Eq. Jur. 599.* But if adequate relief cannot be obtained in the existing action at law, the court of equity should entertain the cause and determine it upon its merits. *Sweeny* v. *Williams, 9 Stew. Eq. 627.*

In the suit at law pending in this matter, there has been a delivery of the goods in question by the sheriff to the complainants, but the defendants deny the fraud and are defending the suit, claiming the ownership of the goods. If the complainants are successful in the replevin suit, in so showing the fraud that the sale is declared to be void, they will retain the possession of the goods delivered to them by the sheriff; if, however, they are unsuccessful, they have obligated themselves by their bond to return the goods to the defendants.

The defence in the suit at law may show that the title to the goods is rightfully in the defendant Nicholson, by reason that the sale to her was obtained to be made without fraud, or they may show, if the pleadings raise the issue (or by amended pleadings if the present files do not raise that issue), that although the sale may have been obtained to be made to the defendant Nicholson by fraud, yet the chattel mortgage taken by the defendant Cook was received by him, *bona fide,* in ignorance of the fraud, and for a valuable presently passing consideration, and that as against him, being a *bona fide* mortgagee in possession of the goods sold, there should be no recovery.

In this court the complainants seek a decree declaring the sale and chattel mortgage to be void, which is, in effect, the same relief attainable in the suit at law, but their incidental remedies in this court are much more applicable and complete than those which can be afforded in the law court. The complainants, if they establish their case in this court, as to the fraudulent sale and the connivance of the chattel mortgagee, may have the list of goods fraudulently mortgaged stricken from the mortgage, and the record of the fraudulent mortgage adjudged to be a

nullity as to those goods. They may have a restraint against the transfer of the mortgage until the decree is obeyed. If they succeed in showing the fraud on the part of the defendant Nicholson, but fail in proving the participation or knowledge of the mortgagee Cook, they may still require the mortgagee to make his money in the first place, if possible, from the goods mortgaged to him, other than those which the mortgagor fraudulently obtained from them. They may, if the circumstances justify it, have a receiver appointed to carry such a decree into effect. The wide reach of these various modes of procedure affords to the complainants in this court opportunities for relief in the premises which the more rigid rules of the courts of law cannot give.

I think the complainants are entitled to the benefit of the more adjustable and complete remedies which the exercise of the jurisdiction of this court affords them, and I will, therefore, advise that the demurrer should be overruled, with costs.